IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 11:21 am, Mar 22, 2017*

DALE SCOTT DAVIES,

    Plaintiff,

v.

ROBERT TOOLE, individually and in his official capacity,

    Defendant.

CIVIL ACTION NO.: 5:16-cv-65

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Valdosta State Prison in Valdosta, Georgia, submitted a Complaint in the above-captioned case pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, *et seq.* (Doc. 1.) In his Complaint, Plaintiff contests certain conditions of his confinement while he was incarcerated at Georgia State Prison in Reidsville, Georgia and at Ware State Prison in Waycross, Georgia. For the reasons set forth below, I **RECOMMEND** that the Court **GRANT** Defendant's Motion to Dismiss, (doc. 16), **DISMISS** Plaintiff's claims for injunctive relief under Section 1983 and RLUIPA, and **DISMISS** Plaintiff's claims for monetary relief under RLUIPA. Accordingly, the Court should allow only Plaintiff's Section 1983 claims for nominal damages to proceed.

### BACKGROUND[1]

In this action, Plaintiff, a believer of Al-Islam, alleges that Defendant violated his constitutional and RLUIPA rights by refusing to serve him vegan meals. (Doc. 1.) Plaintiff asserts that, while he was housed at Georgia State Prison in Reidsville, Georgia, and Ware State

---

[1] The Court takes the following facts from Plaintiff's Complaint and assumes them to be true, as it must at this stage.

Prison in Waycross, Georgia, Defendant continuously refused to provide him vegan meals, despite several requests. (Id. at p. 2.) As a result, Plaintiff was forced to sustain himself on "bread, water and other non-nutritional items." (Id. at p. 3.)

On December 14, 2016, the Court conducted the requisite frivolity review and allowed Plaintiff's claims under RLUIPA for injunctive relief and nominal damages to proceed, as well as Plaintiff's First Amendment claims. (Docs. 10, 12.) On January 17, 2017, Plaintiff notified the Court that he had been transferred to Valdosta State Prison. (Doc. 13.) On February 16, 2017, Defendant filed a Motion to Dismiss seeking to dismiss Plaintiff's injunctive relief claims and Plaintiff's RLUIPA claims. (Doc. 16.) Plaintiff filed a Response, and Defendant filed a Reply. (Doc. 21, 24.)

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

2

possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION

### I.  Injunctive Relief Claims

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). With regard to the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v.

United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

An inmate's claim for injunctive relief against prison officials is subject to dismissal for mootness when the prisoner is transferred to another prison and is no longer subject to supervision by the officials against whom the injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Defendant indicates in his Motion to Dismiss that Plaintiff has been transferred to Valdosta State Prison, where he is being provided the vegan meal plan. (Doc. 16-1, p. 3.) In support of this contention, Defendant provides an affidavit from Jimmy Knowles, the Operations Analyst at Valdosta State Prison, and a copy of Plaintiff's Special Diet Profile. (Doc. 16-2, pp. 2–3, 7.)[2] Because Plaintiff has been transferred and has obtained the relief sought in his Complaint, Plaintiff's injunctive relief claims against Defendant are moot. Accordingly, the Court should **GRANT** this portion of Defendant's Motion to Dismiss and **DISMISS** Plaintiff's injunctive relief claims under both Section 1983 and RLUIPA.

II.  **Monetary Relief Claims**

In its frivolity review, the Court indicated that Plaintiff "cannot sustain a Section 1983 claim for monetary damages against Defendant in his official capacity" because of Eleventh Amendment immunity. (Doc. 10, p. 4.) Additionally, the Court limited Plaintiff's monetary relief to only nominal damages. (Id. at pp. 5–6.) Thus, the only path toward monetary relief left

---

[2] Plaintiff also concedes in his Response to Defendant's Motion to Dismiss that Valdosta State Prison is providing him the vegan meal plan and that his injunctive relief claims are now moot. (Doc. 21, p. 1.)

4

to Plaintiff would be to claim nominal damages from Defendant in his individual capacity under RLUIPA and Section 1983. However, the Court also noted in its frivolity review that RLUIPA does not allow "a private action against individual defendants for monetary damages." (Id. at pp. 9–10 (quoting Smith v. Allen, 502 F.3d 1255, 1275 (11th Cir. 2007), *abrogated on other grounds by* Sossamon v. Texas, 563 U.S. 277 (2011)).) Consequently, Plaintiff may only claim nominal relief under Section 1983.

For these reasons, the Court should **GRANT** this portion of Defendant's Motion to Dismiss and **DISMISS** Plaintiff's monetary damages claims under RLUIPA.

## CONCLUSION

For the aforementioned reasons, I **RECOMMEND** that the Court **GRANT** Defendant's Motion to Dismiss, (doc. 16), and **DISMISS** Plaintiff's RLUIPA claims in their entirety and Plaintiff's claims for injunctive relief. Accordingly, the Court should only allow Plaintiff's claims for nominal damages under Section 1983 to proceed.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed

5

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 22nd day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA